**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAVID ERIC BOLING,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26-cv-681-DWD** |
| | ) | |
| **DAN JANOWSKI, et al,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

This matter comes before the Court on preliminary review of the petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 filed by Rachel Broughton purportedly on behalf of pretrial detainee David Boling. (Doc. 1). Mr. Boling is presently a pretrial detainee at the Perry County Jail. [1]

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other habeas corpus cases like the one at bar.

---

[1] Court records for Perry County, Illinois indicate that David Boling was charged with a class 4 felony on May 14, 2026 and that criminal case is ongoing. *See* Case No. 2026-cf-56.

## BACKGROUND

According to the Petition, Mr. Boling is a pretrial detainee currently held in Perry County Jail. The Petition challenges Mr. Boling's arrest and pretrial detention, alleging he was "kidnapped from our home" and that his pretrial detention violates the Constitution. Ms. Broughton requests that the Court recognize the alleged "injustice" and order Mr. Boling's immediate release. The Petition is signed by Ms. Broughton as "Rachel Broughton C/O David Boling" No signature or verification from Mr. Boling appears on the Petition. The Petition does not expressly state that Ms. Boughton is acting as Mr. Boling's "next friend," nor does it allege that Mr. Boling is mentally incompetent, inaccessible, or otherwise disabled from filing on his own behalf. The only indication of any relationship between Ms. Boughton and Mr. Boling is the reference to their shared home.

Ms. Boughton also filed a motion styled as a Petition for Writ of Mandamus seeking identical relief. That document is likewise signed only by Rachel Boughton "C/O David Boling."

## LEGAL STANDARD

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate mechanism for a state pretrial detainee to challenge his or her detention. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). "Because a pre-trial detainee is not yet in custody pursuant to the judgment of a State court, relief under 28 U.S.C. § 2254 is not available." *Id.* (internal quotation marks omitted). *See also Mays v. Dart*, 456 F. Supp. 3d 966, 989 (N.D. Ill.), aff'd in part, vacated in part, rev'd in part, 974 F.3d 810 (7th Cir. 2020).

However, a federal court's ability to review a pretrial detainee's § 2241 petition is limited by the *Younger* Abstention doctrine. *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-92 (1973)). Under the doctrine, federal courts must abstain from interfering with ongoing state judicial proceedings that are judicial in nature, implicate important state interests (such as the enforcement of state criminal laws), and afford an adequate opportunity to raise constitutional claims, absent extraordinary circumstances. *Younger v. Harris*, 401 U.S. 37 (1971); *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002). Special circumstances justifying federal intervention are generally limited to claims of double jeopardy or speedy trial violations. *Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573; *Woodard v. Illinois*, No. 3:24-CV-1251-DWD, 2024 WL 3678251, at *1–3 (S.D. Ill. July 16, 2024).

In addition, when a habeas petition is filed by someone other than the detainee himself, 28 U.S.C. § 2242 provides that the application "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." The "next friend" standing doctrine applies in such circumstances. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990); *Blackwell v. Watson*, No. 3:24-CV-00581-NJR, 2024 WL 4738304, at *1–3 (S.D. Ill. Oct. 28, 2024). "Next friend" standing is not granted automatically. *Whitmore*, 495 U.S. at 163. Instead, the filer must: (1) provide an adequate explanation as to why the real party in interest cannot appear on his own behalf (such as inaccessibility, mental incompetence, or other disability; (2) demonstrate a significant relationship with the real party in interest and true dedication to that party's best interests; and (3) carry the burden of clearly establishing the propriety of proceeding on the detainee's behalf.

3

*Id.* at 163-64; *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989); *Bria Health Serv's, LLC v. Eagleson*, 950 F.3d 378, 384 (7th Cir. 2020); *Crookston as Next Friend of Hale v. Moody*, No. 21-CV-208-DWD, 2021 WL 1799349, at *1–2 (S.D. Ill. Mar. 9, 2021). The doctrine may not be used as an artifice for the unauthorized practice of law by unlicensed individuals. *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978).

## DISCUSSION

The Court finds that the Petition must be dismissed for two independent reasons: (1) Ms. Broughton has not established standing to file on David Boling's behalf, and (2) even if standing existed, the Court is required to abstain under *Younger*.

First, although the Petition is filed by Ms. Boughton on behalf of Mr. Boling and is signed by Ms. Boughton as "Rachel Boughton C/O David Boling," it contains no allegation or showing that Mr. Boling is unable to prosecute the action himself due to mental incompetence, inaccessibility, or other disability. There is no explanation why Mr. Boling could not sign and verify the Petition personally. The filings provide no description of Ms. Boughton's relationship to Mr. Boling beyond the reference to their shared home, which alone does not constitute the "significant relationship" required. *See Blackwell*, 2024 WL 4738304, at *2 (dismissing petition signed only by "agent" with no explanation for why detainee did not sign and no relationship details provided); *Crookston*, 2021 WL 1799349, at *2 (mere correspondence with detained individual insufficient to establish significant relationship; no showing of incompetence). Because Ms. Boughton has failed to carry the burden of establishing that she may properly act "on

4

his behalf" under § 2242, the Court lacks jurisdiction to entertain the Petition. *Wilson*, 870 F.2d at 1253; *Whitmore*, 495 U.S. at 164.

Second, even if Ms. Boughton could proceed on Mr. Boling's behalf, the Petition challenges Boling's pretrial detention in connection with an ongoing Illinois state court criminal proceeding. The state proceeding is judicial in nature and implicates important state interests in the enforcement of criminal laws. There is no indication that the state courts cannot adequately address the constitutional claims raised. Further, the Petition does not describe any special circumstances (such as double jeopardy or speedy trial) that would excuse *Younger* abstention. Federal intervention at this stage would improperly interfere with the pending state criminal case.

The separately filed Petition for Writ of Mandamus seeks the identical relief and suffers from the same defects. Mandamus is not a proper vehicle to circumvent the habeas requirements or to obtain release from state custody. That motion is likewise denied.

## CONCLUSION

It is therefore **ORDERED** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Petition for writ of habeas corpus is **DENIED** and the action is **DISMISSED** without prejudice for lack of jurisdiction. The Court **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED.**

Dated: May 29, 2026

DAVID W. DUGAN
United States District Judge